UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

                -against-

JOSEPH M. LAURA, ANTHONY SICHENZIO,
and WALTER GIL DE RUBIO,

                Defendants.

---------------------------------------------------------- x

**ORDER**

18 Civ. 5075 (NGG) (VMS)

**Scanlon, Vera M., United States Magistrate Judge:**

       Plaintiff Securities and Exchange Commission ("SEC") commenced this action against Defendants Joseph M. Laura ("Laura"), Anthony Sichenzio ("Sichenzio"), and Walter Gil de Rubio, alleging primary and derivative violations of §§ 10, 15, and 17 of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  See ECF No. 1 (hereinafter "Compl."). For the reasons that follow, the Court **denies** Defendants Laura and Sichenzio's ("Moving Defendants") motion to compel the SEC to produce a nonparty witness for deposition. See ECF No. 71.

### I. Procedural History

       The SEC initiated this action, see Compl., and all Defendants have answered, ECF Nos. 13, 83.[1]  The parties are presently engaged in discovery.

---

[1] Defendants Laura and Sichenzio filed a motion to dismiss, which the Court denied in an Order dated March 24, 2020.  See ECF No. 77.  Defendants Laura and Sichenzio's subsequent answer contained certain affirmative defenses that are now the subject of a pending motion to strike filed by the SEC, see ECF No. 96, the resolution of which is not relevant to the present motion.

Moving Defendants filed the instant motion to compel, which is a joint submission that also contains the SEC's opposition. See ECF No. 71. The Court heard the parties' related arguments. See ECF No. 87.

## II. Relevant Factual Summary

The Court assumes the parties' familiarity with the action, including the factual summary in the Court's Order dated March 24, 2020. See ECF No. 77. What follows is an abbreviated background to provide context for the instant motion.

In its complaint, the SEC alleges that Defendants made false representations to induce third parties to invest in Pristec America, Inc. ("PAI"), a partial subsidiary of Austrian corporation Pristec AG ("PAG"), and misappropriated invested funds for their own benefit. See ECF No. 77 at 1.

Moving Defendants deny these allegations, claim that PAG is the source of those allegations, and allege that PAG misled the Moving Defendants themselves. See id. at 8. Further, Moving Defendants allege that PAG's former Chief Executive Officer Reudiger Nuerk, who is based in Austria, was personally involved in this and other misconduct. See ECF No. 71.

## III. Discussion

Moving Defendants' motion to compel moves the Court to order the SEC to produce Mr. Nuerk, whom the SEC noticed in its witness disclosures,[2] to appear for a deposition by Moving

---

[2] The Court notes that Defendants' motion originally sought a similar Order compelling the SEC to produce nonparty Walter R. Earle for deposition on behalf of a nonparty corporation which, by virtue of entering into a revenue-sharing agreement with PAI, was allegedly one of PAI's fraud victims. See ECF No. 71 at 1 n.1 (defense motion as to Earle); id. at 4 n.3 (SEC opposition). At the motion hearing, Mr. Earle's counsel represented that after the motion's filing, Mr. Earle sat for deposition by Defendants in a related litigation, albeit one not involving the SEC. See ECF No. 87 at 7:21-13. Although the SEC stated that it would not agree to Defendants' use of that deposition's transcript at trial in this action in the event Mr. Earle were unavailable, all counsel agreed to attempt to resolve the Mr. Earle deposition dispute informally

Defendants. ECF No. 71.[3]  In noticing Mr. Nuerk as a witness, the SEC stated that he was the source of responsive document productions and that he would testify about "[c]ommunications concerning and knowledge of Defendants' efforts to raise funds related to PAI, ICT and/or PAG, including investment solicitations; Defendants' knowledge related to PAI, ICT and/or PAG; Defendants' receipt, control and use of funds." Exh. 1 at 2, 43, annexed at ECF No. 71-1.  SEC counsel also represented at the conference with the Court its intentions to take discovery from PAG and Mr. Nuerk in connection with this action, although Defendants claim that the SEC has not yet done so.  See Exh. 2 at 3:10-20 (SEC counsel referencing international discovery sought from Austria), annexed at ECF No. 71-2.

The SEC responds that it is not legally obligated to produce Mr. Nuerk because it does not exercise control over him and is thus in the same position as Moving Defendants with respect to requiring his appearance for deposition or, later, trial.  See ECF No. 71 at 3-7.  The SEC says that Moving Defendants must use the pretrial discovery processes equally available to both sides to secure Mr. Nuerk's appearance at such a proceeding, i.e., by asking Mr. Nuerk to voluntarily appear or by making use of the letters rogatory process.[4]  See id. at 3 (citing 28 U.S. § 1781).[5]

---

such that the instant defense compel motion is withdrawn as to Mr. Earle with leave to renew if necessary.  See id. at 11:4-18:5.

[3] In the event the SEC is unable or unwilling to produce Mr. Nuerk in response to such an Order, Moving Defendants alternatively ask that the Court order the SEC to produce some other PAG corporate designee and/or impose sanctions pertaining to the agency's ability to use such witnesses at trial.  See ECF No. 71.  The Court notes that on this record, its analysis of whether the SEC must produce Mr. Nuerk equally controls whether the agency must produce a PAG corporate designee in Mr. Nuerk's stead.

[4] The parties agree that the Hague Convention does not provide Defendants with means to pursue the discovery from Mr. Nuerk in Austria.  See ECF No. 71.

[5] The SEC also suggests that Defendants should have served Mr. Nuerk with a subpoena when they knew he was in New York.  See ECF No. 71 at 3.  Even if this was an opportunity that

3

Fed. R. Civ. P. 30 guides the taking of depositions by oral examination in civil litigation. See Fed. R. Civ. P. 30. "Unlike the language of Rule 34," which governs document requests, "Rule 30 of the Federal Rules of Civil Procedure does not require a party to litigation to produce persons for deposition who are merely alleged to be in the party's control." Honda Lease Trust v. Middlesex Mut. Assur. Co., No. 05 Civ. 1426 (RNC), 2008 WL 3285242, at *3 (S.D.N.Y. Aug. 7, 2008) (quoting In re Ski Train Fire of November 11, 2000 Kaprun Aus., MDL Docket No. 1428 (SAS) (THK), 2006 WL 1328259, at *9 (S.D.N.Y. May 16, 2006)); Newmarkets Partners, LLC v. Oppenheim, No. 08 Civ. 4213 (WHP) (THK), 2009 WL 1447504, at *1 n.1 (S.D.N.Y. May 22, 2009) (refusing to compel Rule 30 deposition of officer of related corporation based upon proposed expansion of Rule 34 control standards). "[E]ven in cases involving organizational parties, courts have held that such organizations are not required to produce persons for deposition" absent proof that those persons are in the party's control. See Chevron Corp. v. Salazar, 275 F.R.D. 422, 425 (S.D.N.Y. 2011).

Here, Moving Defendants fail to show that Mr. Nuerk is in the SEC's control such that they are entitled to an order compelling the SEC to produce him for deposition. See ECF No. 71. Examples of where nonparty witnesses have been found to be in a party's control include where the nonparty is the relative or employee of the party at issue, neither of which is the case here. See Newmarkets Partners, LLC v. Oppenheim, No. 08 Civ. 4213 (WHP) (THK), 2009 WL 1447504, at *1 (S.D.N.Y. May 22, 2009) (ruling that corporate party not required to produce the officer of a nonparty corporate affiliate for deposition); Robbins v. Abrams, 79 F.R.D. 600, 602 (S.D.N.Y. 1978) (holding party responsible for relative's deposition appearance). Instead,

---

Defendants could have taken advantage of, given that discovery is ongoing and has not yet closed, this missed chance is not dispositive of this motion.

4

Moving Defendants argue without any legal support that the Court should grant their requested relief because "fundamental fairness" requires it; in essence, their premise is that Mr. Nuerk's location in Austria complicates their ability to secure his appearance for deposition. See ECF No. 71. The Court is not persuaded by Moving Defendants' argument. See Chevron Corp., 275 F.R.D. at 427 ("[T]he failure of the Rules Advisory Committee to address this point in the entire history of the Federal Rules of Civil Procedure makes improvisation unwise."); In re Ski Train Fire of November 11, 2000 Kaprun Aus., 2006 WL 1328259 at *9 (denying similar motion for an order directing an organizational party to produce a nonparty witness based in Austria whom it did not control: "The Siemens Austria employees are not employed by Siemens AG.").

This does not mean that Defendants must do without the discovery. It simply means that Defendants must make the effort to secure Mr. Nuerk's deposition appearance some other way. For example, Mr. Nuerk "can be deposed under subpoena" if served while he is subject to the Court's jurisdiction. Honda Lease Trust, 2008 WL 3285242, at *3 (citation omitted); ECF No. 71 at 3 (SEC noting Mr. Nuerk's recent presence in New York for an arbitration between Defendant Laura, Defendant Sichenzio, and PAG). "If [Mr Nuerk remains] located abroad," Defendants may seek his examination "pursuant to letters rogatory or other means."[6] Chevron

---

[6] It falls to Moving Defendants to determine what means are available under Austrian law to achieve their discovery and to follow required steps. See, e.g., Nat'l Ass'n for the Specialty Food Trade, Inc. v. Construct Data Verlag AG, No. 04 Civ. 2983 (DLC), 2007 WL 656274, at *1 (S.D.N.Y. Feb. 23, 2007) ("Service was made on the defendant, a limited liability company organized and existing under the laws of Austria . . . by Austrian judicial authorities pursuant to Letters Rogatory issued by the Court."); Union Square Bank v. Reichmann, 9 A.D. 596, 597 (1st Dep't 1896) (noting that at trial, counsel offered in evidence his client's "deposition taken in Austria, under letters rogatory issued and sent to an Austrian court or judge thereof"); Hypo Bank Claims Grp., Inc. v. Am. Stock Transfer & Trust Co., 4 Misc. 3d 1020(A), 2004 WL 1977612, at *3 (N.Y. Sup. Ct., N.Y. Cnty. June 28, 2004) (discussing Austrian law pertaining to service of process of complaint and summons).

Corp., 275 F.R.D. at 427; see Rensselaer Polytechnic Inst. v. Apple Inc., 2014 WL 12586845, at *2 (N.D.N.Y. Apr. 21, 2014) ("The general rule is that a non-party's deposition may only be compelled through the issuance of compulsory process, including a subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, if the deposition is to be conducted domestically, or following available international protocol if it is to be taken abroad."); see also ECF No. 71 at 3 (SEC suggesting that other means might include simply asking Mr. Nuerk to voluntarily appear).

The Court notes two cases cited by Moving Defendants in their motion to compel have distinguishable facts. First, in Reilly v. Natwest Markets Grp., Inc., 181 F.3d 253, 268-69 (2d Cir. 1999), the Second Circuit affirmed a lower court's decision to partially preclude the testimony of a corporate defendant's trial witnesses where the corporation failed to produce them for deposition pursuant to the plaintiff's Fed. R. Civ. P. 30(b)(6) notice. Here, there no evidence of a Fed. R. Civ. P. 30(b)(6) notice being served on PAG; even assuming it had been, PAG is not, like the corporation in Reilly, a party to this action. Next, in Daval Steel Prod. v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991), the Second Circuit found that where there is "a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." Here, there is no such order with which the SEC has failed to comply; to the contrary, the Court finds that Moving Defendants have failed to show that they are entitled to one such that it need not reach questions pertaining to Fed. R. Civ. P. 37 at all.

### IV. Conclusion

For the foregoing reasons, the Court **denies** Moving Defendants' motion to compel the SEC to produce Mr. Nuerk for deposition (or an alternative PAG corporate designee, on the

6

same grounds).  See ECF No. 71 at 1.  Given that the Court denies Defendants' motion for such an order, it also **denies** as moot Moving Defendants' related request for sanctions against the SEC for failing to comply with the orders.  See id. at 2.

Dated:  Brooklyn, New York
        August 30, 2020

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge