**EXHIBIT A**

# PROMISSORY NOTE

$150,000.00                                                                                                    April 16, 2018

FOR VALUE RECEIVED, the undersigned, JOSEPH M LAURA and ANTHONY SICHENZIO, individuals, (herein, called Maker), hereby unconditionally promises to pay, to the order of REALTY ADVISORS, INC., a Nevada corporation (the Payee), at 1603 LBJ Freeway, Suite 800, Dallas, Texas 75234, or such other place as the holder of this Promissory Note (this Note) may, from time to time, designate in writing, as herein specified, the principal sum of ONE HUNDRED AND FIFTY THOUSAND AND NO/100THS DOLLARS ($150,000.00) or, if less, the aggregate unpaid balance of principal and interest which remains unpaid, in lawful money of the United States of America, on demand or, if no demand occurs prior thereto, on March 7, 2019, in the manner set forth below, together with interest (calculated on the basis of actual days elapsed in a year consisting of 365 or 366 days, as the case may be) on the unpaid principal balance from time to time remaining unpaid, until this Note shall have been paid in full, at the rate hereinafter provided.

**Payment Terms.** Unless demand is sooner made, all outstanding principal and accrued interest on this Note shall be finally due and payable on May 16, 2018 (the Maturity Date), or upon the earlier maturity thereof, whether by demand, acceleration or otherwise, unless extended. All payments under this Note made to Payee shall be made to Payees offices in Dallas County, Texas or at such other place as Payee may, from time to time, designate in writing, in lawful money of the United States of America which shall be legal tender in payment of all debts at the time of payment. Maker may prepay all or any part of the principal or interest of this Note at any time and from time to time prior to maturity without premium or penalty, and interest shall cease to accrue on any amounts so prepaid and any such prepayment of principal shall be applied in the inverse order of maturity to the last maturing installments of principal under this Note. Any payment, whether a regularly scheduled installment, a prepayment or otherwise, shall be applied first to accrued but unpaid interest, and the remainder of such payment shall be applied to the reduction of the outstanding principal balance. Maker hereby agrees to accept Payees calculation of interest payable hereunder absent manifest mathematical error. If any payment on this Note shall become due on a day which is not a Business Day, such payment shall be due on the next succeeding Business Day. The term Business Day shall mean a day on which regular business is transacted by national banks in Dallas, Dallas County, Texas, but shall not include any Saturday, Sunday or national holiday.

**Interest Rate.** The outstanding balance of funds advanced under this Note from time to time shall bear interest, until maturity of this Note (whether by acceleration or otherwise), at the lesser of (a) ten percent (10%) per annum or (b) the maximum rate of interest permitted by applicable law (the Maximum Rate). The interest rate calculated pursuant to clause (a) or clause (b) above shall be referred to herein as the Applicable Rate. Interest shall be computed at a daily rate based upon actual days elapsed in a year consisting of 365 or 366 days, as the case may be, subject to the limitation that the effective interest rate on this Note may never exceed the Maximum Rate. At maturity of this Note (whether by acceleration or otherwise) all unpaid principal hereof shall bear interest at the Maximum Rate. All past due payments of principal shall bear interest at

1

the Maximum Rate. The term "Maximum Rate" shall mean the maximum rate of interest that Payee is allowed to contract for, charge, take, reserve or receive under the applicable laws of the State of Texas or the United States of America (whichever from time to time permits the highest rate) after taking into account, to the extent required by applicable law, any and all relevant payments or charges hereunder, or under any other document or instrument executed and delivered in connection herewith and the indebtedness evidenced hereby. Payee hereby discloses that for purposes of determining the Maximum Rate under the laws of the State of Texas, calculations may be made through the use of a Rate Ceilings as defined and computed under Section 303.001, *et seq.*, of the Finance Code, Revised Civil Statutes of Texas, as amended (collectively, the Statute), any and all alternatives available under the Statute may be used in calculation of the maximum available Ceiling under Section 303.009; provided, however, that Payee may, in accordance with and to the extent permitted by law, from time to time revise any election of the applicable rate ceiling as to current and future balances outstanding on the indebtedness evidenced hereby for the purposes of determining the Maximum Rate, and may implement the applicable ceiling from time to time in effect under the Statute or any other legally available "ceiling" as the Maximum Rate under Texas law. If the Maximum Rate as determined under the applicable laws of the United States of America shall at any time exceed the Maximum Rate as determined under applicable Texas law, the applicable laws of the United States of America will be deemed controlling for purposes of determining the Maximum Rate during such time.

**Default Interest; Late Charge.** All past due principal and, if permitted by applicable law, all past due interest, shall bear interest at the highest rate permitted by applicable law, or if no such maximum rate is established by applicable law, then at the rate of eighteen percent (18%) per annum. During the existence of any default hereunder or under any instrument securing or evidencing the indebtedness evidenced hereby, the entire unpaid balance of principal shall bear interest at the Maximum Rate or, if no such maximum rate is established by applicable law, at the rate of eighteen percent (18%) per annum. Interest on past due installments and default interest provided for in this paragraph shall be calculated at a daily rate equal to 1/365ths (1/366ths during leap years) of the applicable annual percentage rate. No late charge may be assessed on any payment due under this Note.

**Loan Agreement.** This Note is issued pursuant to and in connection with that certain Loan Agreement, dated August 8, 2016 (the Loan Agreement), between Pristec America, Inc, Pristec AG and Innovative Crude Technologies, Inc and Payee. Maker of this Note acknowledges that then sum loaned hereunder is in addition to the sum loaned on August1, 2018 by Payee.

**Event of Default.** The occurrence of any of the following events shall be considered a default hereunder and the term Event of Default or Default as used herein means the occurrence of the following events:

(a) the failure to make timely payment of any installment of principal or interest due hereunder, which failure continues for a period in excess of five (5) calendar days after same was due; or

(b) a failure to perform any covenant or provision of securing the payment hereof or pertaining to the indebtedness represented hereby or the occurrence of a default or an event of default under any such instrument which failure to perform or other default continues in existence after any applicable notice and cure period; or

2

(c) the termination, liquidation or dissolution, as the case may be, of any party liable for the payment of this Note, whether as maker, endorser, guarantor, surety or otherwise, or of the issuer of any securities subject to the Loan Agreement and the failure of Maker to cure under item within 30 calendar days after the occurrence of such event; or

(d) the bankruptcy or insolvency of, the assignment for the benefit of creditors by, or the appointment of a receiver for any of the property of Maker; or

At the option of the holder of this Note, upon the occurrence of any Default, the entire principal balance and all accrued unpaid interest shall at once become due and payable, without presentment, demand, protest, notice or grace. The failure to exercise the foregoing option upon the happening of one or more of the foregoing Defaults shall not constitute a waiver of the right to exercise the same at any subsequent time in respect of the same default or any other default. The acceptance by a holder of this Note of any payment hereunder which is less than the payment in full of all amounts due and payable at the time of such payment shall not constitute a waiver of the right to exercise the foregoing option at that time or at any subsequent time or nullify any prior exercise of such option.

**Attorney's Fees.** If this Note is not paid when due, whether at maturity or by acceleration, or if it is collected through a bankruptcy, probate, or other court proceedings, whether before or after maturity, the undersigned agrees to pay all reasonable costs of collection incurred by the holder hereof, including but not limited to court costs and reasonable attorney's fees.

**Waiver of Notice and Consent.** The undersigned waives demand, presentment, notice of dishonor, notice of intention to accelerate the maturity hereof, notice of acceleration of the maturity hereof, diligence in collecting, grace and protest, and consent to all extensions which may be granted from time to time by the holder hereof and to all partial payments hereof, whether before or after maturity.

**Legal Interest Limitations.** All agreements between the Maker hereof and any holder hereof, whether now existing or hereafter arising and whether written or oral, are hereby expressly limited so that in no contingency or event whatsoever, whether by reason of acceleration of the maturity hereof, or otherwise, shall the amount paid, or agreed to be paid to the holder hereof for the use, forbearance, or detention of the money hereunder or otherwise or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing, or pertaining to the indebtedness evidenced hereby, exceed the maximum amount permissible under applicable law. If from any circumstance whatsoever fulfillment of any provision hereof or of such other documents, at the time performance of such provision shall be due, shall involve transcending the limit of validity prescribed by law, then ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity, and if from any such circumstance the holder hereof shall ever receive as interest or otherwise an amount which would exceed the highest lawful rate, such amount which would be excessive interest shall be applied to the reduction of the principal indebtedness of the undersigned to the holder hereof, and not to the payment of interest, or if such excessive interest exceeds the unpaid balance of principal hereof, such excess shall be refunded to the undersigned. All sums paid or agreed to be paid by the undersigned for the use, forbearance or detention of the indebtedness of the undersigned to the

holder hereof shall, to the extent permitted by applicable law, be amortized, prorated, allocated, and spread throughout the full term of such indebtedness until payment in full in such manner that there will be no violation of applicable laws pertaining to the maximum rate or amount of interest which may be contracted for, charged or received with respect to such indebtedness. The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between the undersigned and the holder hereof.

APPLICABLE LAW. THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS AND APPLICABLE LAWS OF THE UNITED STATES OF AMERICA. MAKER HEREBY CONSENTS TO THE EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT SITTING IN DALLAS COUNTY, TEXAS IN ANY DISPUTE, ACTION, LITIGATION OR OTHER PROCEEDING RELATING IN ANY WAY TO THE LOAN AGREEMENT OR THIS NOTE AND AGREES THAT ANY DISPUTE, ACTION, LITIGATION OR OTHER PROCEEDING SHALL BE BROUGHT SOLELY IN SUCH JURISDICTION. MAKER IRREVOCABLY AND UNCONDITIONALLY WAIVES ALL CLAIMS, OBJECTIONS AND DEFENSES IT MAY HAVE REGARDING ANY SUCH COURT=S PERSONAL OR SUBJECT MATTER JURISDICTION, VENUE OR INCONVENIENT FORUM.

Severability. In the event any one or more of the provisions contained in this Note shall, for any reason, be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or un-enforceability shall not affect any other provision hereof, and this Note shall be construed as if such invalid, illegal or unenforceable provision had never been included herein.

Successors and Assigns. This Note and the covenants, promises and agreements contained herein shall be binding upon and inure to the benefit of the respective legal representatives, personal representatives, heirs, devisees, successors and assigns of the Maker and Payee hereof.

BALLOON PAYMENT. MAKER ACKNOWLEDGES THAT, ON THE MATURITY DATE, A SUBSTANTIAL BALLOON PAYMENT WILL BE DUE. PAYEE HAS NOT MADE ANY REPRESENTATIONS OR PROMISES TO MAKER OR ANY OTHER PERSON, EXPRESSED OR IMPLIED, THAT PAYEE WILL EXTEND OR POSTPONE THE DUE DATE OF THIS NOTE OR PROVIDE MAKER WITH ANY OTHER LOAN OR ALTERNATIVE FINANCING WITH RESPECT TO ANY AMOUNTS DUE HEREUNDER.

ENTIRE AGREEMENT. THIS NOTE (TOGETHER WITH ANY DOCUMENTS EXECUTED IN CONNECTION WITH THE INDEBTEDNESS EVIDENCED BY THIS NOTE) REPRESENTS THE ENTIRE AND FINAL AGREEMENT BETWEEN MAKER AND PAYEE AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES, AND ANY AMENDMENT OR MODIFICATION HEREOF SHALL BE IN WRITING AND SIGNED BY THE PARTY BOUND THEREBY. ANY PRIOR ORAL CINTO THIS DOCUMENT, AND THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

**COLLATERAL**. MAKER AGREES TO PROVIDE COLLATERAL TO PAYEE AS FOLLOWS: MAKER SHALL COLLATERALIZE THIS NOTE WITH SHARES OF STOCK OWNED BY MAKER IN THE COMPANY KNOWN AS PRISTEC AG. THE AMOUNT COLLATERALIZED WITH SAID SHARES SHALL BE TWO HUNDRED THOUSAND USD ($200,000.00).

**Makers Address, Telephone No., Facsimile No. & Email**

69 Kew Drive
Springfield, NJ 07081
Tel: 732-986-7653
Fax:
Email:
jlaura@pristecamerica.com

**MAKER:**

By: _____

Joseph M. Laura, Individual

41 William Penn Road

Warren, NJ 07059
Tel: 201-323-0504
Email: asichenzio@pristecamerica.com

By: _____
Anthony Sichenzio, Individual