# EXHIBIT B

# OPTION AGREEMENT

**AGREEMENT made this 19th day of April, 2018 by and between** Joseph M. Laura, having an address at 69 Kew Drive, Springfield, NJ 07081, Glenn Laken, having an address at 2130 North Lincoln Park West, Apt. 8N, Chicago, IL 60614 hereinafter referred to as (Optionors), Realty Advisors Inc., having an address at 1603 LBJ Freeway, Suite 800, Dallas, TX 75234, hereinafter referred to as (Partner). Optionors and Partner may jointly be referred to as (Parties).

## **RECITALS**

- Joseph M. Laura is currently a shareholder in Pristec AG, an Austrian entity which is the owner of a patented cold-cracking and petroleum upgrading technology which is ready for commercial implementation.

- Glenn Laken is a creditor of Pristec AG and has been instrumental in assisting Joseph Laura in operations of Pristec America and holds an option to convert his debt to equity.

- Joseph M. Laura is currently involved in litigation with Pristec AG, and is leading the effort in seeking a separation with Pristec AG and the formation of a "NEWCO" in the U.S.A.

- Realty Advisors Inc. is also a creditor of Pristec AG and its subsidiary Pristec America, Inc.

- The Parties wish to work together to facilitate the separation of Joseph M. Laura and his affiliates from Pristec AG and has decided to memorialize their agreement herein.

**The Parties hereto agree as follows:**

1. **OBJECTIVES**

    1.1  **Optionors** have developed and implemented a plan to formulate a separation between Optionors and their affiliates and Pristec AG. Optionors need capital to complete this plan and are seeking to arrange a loan with Partner to satisfy this capital need.

    1.2  **Partner** has agreed to provide said loan to Optionors the terms of which are described herein.

2. **TERMS OF LOAN**

    2.1  Partner has agreed to loan to Optionors the total sum of One Hundred and fifty thousand USD ($150,000) which shall be paid immediately by Partner.

3. **OPTION TERMS**

    3.1  Optionors have granted to Partner an option to invest in NEWCO, once an agreement has been made between Joseph M Laura and Pristec AG.

    3.2  Partner has the option to loan to NEWCO the sum of Six Million USD ($6,000,000) for the manufacture of two (2) 5000-barrel cracking systems and to invest the sum of Four Million USD ($4,000,000) into NEWCO to be used for working capital and debt repayment.

    3.3  In the event that Partner executes this option and completes the loan and equity transactions, Optionors have agreed to issue to Partner an equity interest in NEWCO equal to Forty (40%) Percent of the total share capital of NEWCO.

    3.4  Partner has previously loaned to Optionors the principle sum of One

Million One Hundred and twenty-five thousand USD ($1,125,000) plus interest. Partners agree to add the above refenced loan in the amount of One Hundred and Fifty-Thousand USD ($150,000) to the principle amount and pay all interest and penalties due in accordance with the terms of each note.

4. **GENERAL**

    4.1  This Agreement represents the full and complete agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements (whether written or oral) between the Parties.

    4.2  The teaming arrangement established by this Agreement is not intended to be and shall not be treated as a joint venture, a partnership, or any other legal relationship, other than an agreement to pursue the joint activities described above.

    4.3  Neither Party shall be liable to the other for any special, incidental, consequential damages arising out of its performance or non-performance of obligations hereunder, whether such liability is based in contract, tort (including negligence), or otherwise.

    4.4  Neither of the Parties shall act as agent for or partner of the other relative to third parties, nor be authorized to incur any liability or to represent or make commitments on behalf of any other.

5. **DISPUTE RESOLUTION**

    5.1  To the extent a dispute arises under or in relation to this Agreement, the Parties shall first attempt to resolve the dispute by amicable good faith negotiations. Should such negotiations fail, at either Party's election, each Party shall identify a senior management representative to attend a meeting and attempt to resolve the matter jointly. If those amicable dispute resolution efforts are not successful within a reasonable period of time, not to exceed sixty (60) days from the date any Party delivers a written notice of dispute to all other Parties, such notifying Party may require submittal of the dispute for mediation and/or arbitration within the State of Texas, under the auspices of the American Arbitration Association (AAA). Said arbitration shall be held within the State of Texas.

6. **GOVERNING LAW**

    6.1  The provisions of this agreement shall be governed by and construed in accordance with the laws of the State of Texas, United States of America and the parties hereby submit to the exclusive jurisdiction of the Courts in

*H.E.P.*

the State of Texas. No person who is not a party to this Agreement shall have any right under the Contract (Rights of Third Parties) Act 1999 to enforce any term of this Agreement.

7. **TERMINATION**

7.1 This Agreement will terminate on the earlier of (1) the date the Parties agree to terminate this Agreement or cease discussions via written documentation with thirty (30) days' notice and (2) a material breach of the provisions of this Agreement by a party that is not corrected within fourteen (14) days after receipt of written notice of such breach provided by the other Party.

8. **CHANGE OF CONTROL**

8.1 In the event of a change of control of either Party, the Parties hereunder agree that this Agreement will survive unless otherwise agreed in writing between the Parties.

9. **COMPLIANCE WITH CERTAIN LAWS**

9.1 Each party will cause its employees, representatives and agents participating in or otherwise engaged on its behalf or for its benefit to comply with the U.S. Foreign Corrupt Practices Act (the "FCPA") and the UK Bribery Act 2010 (the "Bribery Act") in such manner that any action or inaction by or on its behalf will not cause any other party or its Affiliates to violate the FCPA or the Bribery Act, or subject a party, or any of its employees, representatives or agents, to any sanctions under the FCPA or the Bribery Act. Each party represents and warrants that it has reviewed and understood and is familiar with the FCPA and the Bribery Act, including its restrictions, prohibitions, sanctions and penalties.

## 10. GUARANTY

10.1 The loan referenced in paragraph 2.1 above shall be guaranteed by Joseph M. Laura and Glenn Laken.

**IN WITNESS WHEREOF**, the parties hereto, with their initials affixed on each page and full signatures below have caused this agreement to be signed and executed and have thereby determined to have understood and accepted the terms and conditions so stated herein.

**EXECUTED THIS 19th DAY OF April 2018**

_____
Joseph M. Laura

_____
Glenn Laken

Realty Advisors, Inc.

_____
By: