UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**SECURITIES AND EXCHANGE COMMISSION,**

                          **Plaintiff,**

-- against --

**JOSEPH M. LAURA,
ANTHONY R. SICHENZIO, and
WALTER GIL DE RUBIO,**

                          **Defendants.**

18 Civ. 5075 (HG)(VMS)

ECF Case

---

### DECLARATION OF MARGARET D. SPILLANE

I, Margaret D. Spillane, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over 18 years of age and am a Senior Counsel in the Division of Enforcement at the New York Regional Office of Plaintiff Securities and Exchange Commission ("Commission"). I am appearing in this action as one of the Commission's counsel.

2. I respectfully submit this Declaration and attachments hereto in support of the Commission's Motion for Monetary Remedies Against Defendants Joseph M. Laura and Anthony R. Sichenzio.

3. I have personal knowledge of the facts presented in this Declaration based on my review of the documents relevant to this litigation.

4. I reviewed the January 4, 2024 Declaration of Anthony Sichenzio (DE 182-37) ("Sichenzio Declaration") and the attached Exhibit A (DE 182-38) ("Sichenzio Ex. A") purporting to support his claim for offsets to the Commission's proposed disgorgement amounts.

5. Specifically, I reviewed paragraphs 27, 29, 31, 33, 35, 37, and 39 of the Sichenzio Declaration (the "Expense Paragraphs") and the credit card and bank statements in Sichenzio Ex.

A to evaluate purported advances from Sichenzio to Pristec America, Inc. or Innovative Crude Technologies, Inc. (together, the "Pristec Companies"). This review did not include checks and other direct funds transfers to the Pristec Companies' accounts, because they are already offset from the Commission's disgorgement calculation, as shown in the November 17, 2023 Declaration of Neil Hendelman (DE 178) ¶¶ 14-15; Exs. G & H.

6. Attached hereto as Exhibit A is a chart that includes the expenses listed in the Expense Paragraphs and in Sichenzio Ex. A that the Commission agrees has sufficient evidence of business purpose to be offset from the Commission's proposed disgorgement amount in this case (the "Offsets Chart").

7. The Offsets Chart includes the airline fees enumerated in paragraph 27 of the Sichenzio Declaration because the business purpose of each claimed expense is described in the Transaction column, and I was able to identify a corresponding line item in the credit card and/or bank statements in Sichenzio Ex. A.

8. Expense Paragraphs 29, 31, and 33 for years 2012, 2013, and 2014, respectively, each contain a summary amount for credit card expenses purportedly advanced. These summary amounts are not itemized and are therefore not included in the Offsets Chart. However, the credit card and bank statements in Sichenzio Ex. A contain certain handwritten markings that appear to denote a claimed expense for those years. I reviewed these markings and included in the Offsets Chart the airline fees charged in the relevant years that the Commission does not dispute contained sufficient location, traveler, and date information to evidence a business purpose related to the Pristec Companies and that the Commission therefore agrees may offset Sichenzio's disgorgement amount. I did not include other marked expenses because they appear to lack sufficient evidence of a business purpose.

9. The Offsets Chart does not include any items from what appear, based on my review of the documents, to be excerpts from credit card statements for Richard J. Sichenzio contained in Sichenzio Ex. A (the "Richard J. Sichenzio excerpts") because there are significant uncertainties as to what expenses are purported to be business expenses. It is unclear which items are purported advances because the Sichenzio Declaration does not itemize them. In addition, the Richard J. Sichenzio excerpts contain a wide variety of expenses from years 2013-2017, including many that appear personal in nature, and there are only two markings next to line items. Neither of those marked items contained any evidence indicating a business purpose.

10. In addition, the Commission did not offset purported advances listed on the Richard J. Sichenzio excerpts because the Sichenzio Declaration does not offer sufficient evidence that these expenses were paid by Anthony Sichenzio personally or that he is otherwise liable for them. As set forth in the January 26, 2024 Supplemental Declaration of Neil Hendelman ("Hendelman Supplemental Declaration") ¶ 6 and Supplemental Exhibit A, the SEC staff identified net payments, totaling $124,600, from the Pristec Companies' accounts to Richard Sichenzio. Based on my review of the bank records provided in redacted form in Exhibits N, O, and U to the March 2022 Declaration of Neil Hendelman ("March 2022 Declaration") and other documents relevant to this litigation, I further identified that these payments were made to Richard J. Sichenzio. These payments are not accounted for by the Sichenzio Declaration and may represent reimbursement for the purported expenses.

11. As discussed in Paragraph 7 of the Hendelman Supplemental Declaration, I advised Mr. Hendelman not to include payments in August 2010 made by Richard A. Sichenzio and Richard J. Sichenzio to the Laura & Matarrese Account in Hendelman Supplemental Exhibit A. Hendelman Ex. C (DE 178-3) identifies two "Richard Sichenzio" deposits to that account—

3

$125,000 on August 5, 2010, and $75,000 on August 31, 2010. I reviewed the underlying bank records for that account, provided in redacted form as Exhibit T to the March 2022 Declaration, and identified that the first deposit corresponds to a wire from Richard A. Sichenzio, and the second corresponds to a wire from Richard J. Sichenzio. These amounts correspond, respectively, to investment contracts with "Richard Sichenzio, Sr.," dated October 1, 2011, for the amount of $125,000 (DE 150-64), and with "Richard Sichenzio" dated October 1, 2011, for the amount of $75,000 (DE 150-65).

12. I also reviewed the Sichenzio Declaration at Section D, related to Atlas Limo. Because insufficient information was provided about the dates and times of purported service to evidence that the claimed amounts were related to business purposes, and no invoices were produced, I did not include those amounts in the Offsets Chart.

13. Attached hereto as Exhibit B is a Prejudgment Interest Report based on Laura's recalculated disgorgement amount of $3,431,860 as set forth in the SEC's Reply Brief, using the IRS tax underpayment rate from June 1, 2013, to August 22, 2023. Under the calculation, interest begins accruing the month following the initial month (i.e., August 2013). The Prejudgment Interest Report calculates prejudgment interest to be $1,732,128.

14. Attached hereto as Exhibit C is a Prejudgment Interest Report based on Sichenzio's recalculated disgorgement amount of $1,679,369 as set forth in the SEC's Reply Brief using the IRS tax underpayment rate from June 1, 2013, to August 22, 2023. Under the calculation, interest begins accruing the month following the initial month (i.e., August 2013). The Prejudgment Interest Report calculates prejudgment interest to be $847,611.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 26, 2024
New York, New York.

_____
Margaret Spillane

5