UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JOSEPH M. LAURA and ANTHONY R. SICHENZIO,

Defendants,

**MEMORANDUM & ORDER**
18-cv-05075 (HG) (VMS)

**HECTOR GONZALEZ**, United States District Judge:

On July 9, 2024, the Court granted in part the Securities and Exchange Commission's ("SEC") motion for damages against Defendants Joseph M. Laura and Anthony R. Sichenzio. *SEC v. Laura*, No. 18-cv-5075, 2024 WL 3360380 (E.D.N.Y. July 9, 2024) ("*Laura I*"). The Court Ordered Laura to pay $3,431,860 in disgorgement and $1,732,128 in prejudgment interest, and Sichenzio to pay $1,629,369 in disgorgement. *Id.* at *10. Because the Court decreased Sichenzio's disgorgement amount from what the SEC had sought based on its review of the record, the Court directed the SEC to file a revised calculation of Sichenzio's prejudgment interest. *Id.* The SEC has now filed that revised calculation. ECF No. 192-1 (Sichenzio Prejudgment Interest Calculation). Accordingly, the Court now orders Sichenzio to pay $822,375 in prejudgment interest.[1]

In its prior Order, the Court also determined that a civil penalty was warranted and that any civil penalty imposed should be tied to Defendants' net pecuniary gain. *Laura I* at *8–9. To allow the Court to determine an appropriate civil penalty amount, the Court directed the SEC to

---

[1] As the Court explained in *Laura I*, the SEC's prejudgment interest calculations are consistent with the agreement the parties reached in the partial consent judgments that the Court so-Ordered on August 22, 2023. *See Laura I* at *8; *see also* ECF No. 175 (Consent Judgments).

file a revised calculation of each Defendant's gross and net pecuniary gain using June 2, 2013, as the starting date to account for the five-year statute of limitations applicable to civil penalties (a more limited statute of limitations than the ten-year period applicable to disgorgement). *Id.* at *9–10 (citing *SEC v. Fowler*, 6 F.4th 255, 260 n.5 (2d Cir. 2021) and *SEC v. Xia*, No. 21-cv-5350, 2022 WL 17539124, at *13 (E.D.N.Y. Dec. 8, 2022)). The SEC has now filed its revised civil penalty calculations, consistent with the Court's Order. ECF No. 193 (Revised Civil Penalty Calculation). Although the Court's prior Order offered Defendants the opportunity to file their own civil penalty calculation in response to the SEC's submission, *see Laura I* at *10, neither Defendant has proposed his own calculation. The SEC's revised calculations result in a net pecuniary gain to Laura of $584,032, and a net pecuniary gain to Sichenzio of $662,756. Mindful, however, of the factors that the Court analyzed in determining that a civil penalty was appropriate and that the Court will need to analyze to determine the appropriate civil penalty to impose upon each Defendant, the SEC asks the Court to impose a higher civil penalty on Laura than on Sichenzio to appropriately reflect the relative egregiousness of each Defendant's conduct and the degree of each Defendant's scienter. ECF No. 192 at 3.

After reviewing the factors that courts in the Second Circuit look to in determining the amount of civil penalty to impose, the Court agrees that such an adjustment is appropriate. *See Fowler*, 6 F.4th at 266 (in determining what civil penalty to impose, courts should look to "(1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; and (5) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition"). The Court previously determined that "[t]he first four *Fowler* Factors suggest that a

2

significant civil penalty . . . is appropriate" because "Defendants' conduct was intentional, repeated and egregious," but that any civil penalty imposed should be reduced to account for the Defendants' "limited financial condition." *Laura I* at *9. Consistent with that determination, the Court hereby orders Laura to pay a civil penalty of $292,016[2] and Sichenzio to pay a civil penalty of $165,689[3].

Accordingly, the Court orders Laura to pay: (1) $3,431,860 in disgorgement; (2) $1,732,128 in prejudgment interest; and (3) a civil penalty of $292,016. The Court orders Sichenzio to pay: (1) $1,629,369 in disgorgement; (2) $822,375 in prejudgment interest; and (3) a civil penalty of $165,689. "Pursuant to 28 U.S.C. § 1961 the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered," and "Section 1961's terms do not permit [] the exercise of judicial discretion in its application." *True-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017). Accordingly, the Court also orders each Defendant to pay post-judgment interest at the statutory rate from the date judgment is entered until the date that he satisfies the judgment.

---

[2]   The Court reached this amount by halving Laura's net pecuniary gain to account for his financial condition.

[3]   The Court reached this amount by halving Sichenzio's net pecuniary gain to account for his financial condition, and then further halving that amount to reflect that Sichenzio's conduct and degree of scienter were less egregious than Laura's and that Sichenzio's disgorgement amount is roughly half that of Laura's.

4

The Clerk of Court is respectfully directed to enter judgment consistent with this Order and to close this case. The Clerk of Court is also respectfully directed to mail a copy of this Order to Defendants, who are now proceeding *pro se*, and to note the mailing on the docket.

SO ORDERED.

                                                    */s/ Hector Gonzalez*
                                                     HECTOR GONZALEZ
                                                    United States District Judge

Dated: Brooklyn, New York
        January 15, 2025